In the Matter of the Claim of EMANUEL BRAUNSTEIN, Respondent, against GENERAL MARINE REPAIR et al., Respondents, and INDEPENDENT SCRAP IRON et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its insurance carrier from a decision and award of the Workmen's Compensation Board granting compensation for reduced earnings from October 31, 1950, to June 2, 1951, against appellants. Concededly claimant sustained seven separate and distinct compensable accidental injuries to his back between June 21, 1946 and September 5, 1947. In the interval he worked for three separate employers, each covered by a different carrier. When he suffered his first three accidents the carrier was Century Indemnity Company; for the fourth the carrier was Bankers Indemnity Company, and for the last three the carrier was Public Service Mutual Insurance Company. Prior to any accident claimant's earnings were $65 per week. During the period covered by "Bankers" his weekly earnings were $55.20 per week, and during the period covered by "Public Service" his weekly earnings were $100 per week. During the period involved here claimant's weekly wage was $65.57, thus making reduced earnings of $34.43, upon which the award is based. The referee originally divided the award and allocated part of it to each carrier. The board found that with respect to the coverage by "Century" and "Bankers" there was no loss of earnings, and reversed the awards against them. The board followed subdivision 6 of section 15 of the Workmen's Compensation Law, which reads, in part: "In no event shall compensation when combined with decreased earnings or earning capacity exceed the amount of wages which the employee was receiving at the time the injury occurred." The employee having built up his earnings to $100 per week during the time covered by

"Public Service", suffered a loss of $34.43 per week as a result of the accidents while so covered. Upon this theory the board made the award solely against appellants. We think the board was bound to follow subdivision 6 of section 15, and that it was within its province to make the award here questioned. Decision and award unanimously affirmed, with one bill of costs to respondents filing a brief, to be divided between them. Present — Foster, P. J., Brewster, Bergan, Coon and Imrie, JJ. [See 282 App. Div. 844.]