In the Matter of the Claim of EMANUEL BRAUNSTEIN, Respondent, against GENERAL MARINE REPAIR et al., Appellants, and INDEPENDENT SCRAP IRON et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, June 14, 1956.

*Ralph S. Stowell* and *Joseph D. Edwards* for appellants.

*Jacob K. Javits, Attorney-General (Daniel Polansky* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Irving M. Lesch* for claimant-respondent.

*Milton Peckman* and *Arthur B: Erenstoft* for Independent Scrap Iron and another, respondents.

BERGAN, J. Claimant suffered a series of seven separate back injuries within a period of a little over a year, from June 21, 1946 to September 5, 1947. Three were suffered when he was employed by Friendly Service Station while he was earning $65 a week; one when he was employed by General Marine

Repair while earning $55.20 a week; and the last three when he was employed by Independent Scrap Iron, while he was earning $100 a week.

An award was made by the board for reduced earnings for temporary partial disability due to these injuries from October 31, 1950 to June 2, 1951. For the period involved it was found that his earnings as thus reduced were $65.57 a week; making the reduced earnings from $100 a week the sum of $34.43; and the award of $22.95 a week was based on two thirds of such reduced earnings (Workmen's Compensation Law, § 15, subd. 5).

Although the board found that all accidents had contributed in part to the disability which caused this reduced earning capacity, it was of opinion that it was unable to charge the Friendly Service Station and General Marine Repair any part of the award because even as reduced (to $65.57 a week) the claimant's wages still exceeded his earnings when the injuries sustained in these two employments occurred ($65 and $55.20 respectively).

This view of the board was based on the provision found in paragraph (b) of subdivision 6 of section 15, providing that the amount of compensation combined with decreased earnings shall not exceed the amount of wages which the employee was receiving " at the time the injury occurred ". That construction of the statute was affirmed here (*Matter of Braunstein* v. *General Marine Repair,* 281 App. Div. 1059), but the decision was reversed in the Court of Appeals (307 N. Y. 296).

It was there held on reversal that the words " at the time the injury occurred " relate to the latest injury, where there are two or more which enter into the final result (p. 300). Hence for the purpose of a case such as this one is, where the reduced earnings are found to be due to several injuries, the " average weekly wages before the accident " are the last wages; here, $100 a week. The grounds which led to this decision are developed at pages 299 and 300 of the opinion.

The present decision of the board on remission of the claim is in conformity with the opinion of the Court of Appeals that " the latest awards should be charged proportionately against all the employers-carriers " (p. 300). The board has found that the three accidents occurring while claimant was employed by Friendly Service Station were responsible for 50% of the disability involved; the single accident while employed with General Marine Repair for 12½%; and the three accidents while with Independent Scrap Iron 37½%, respectively; and the responsibility for the award for reduced earnings of $34.43 a week has been apportioned accordingly. There is substantial medical evidence to support this apportionment.

Appellants Friendly Service and General Marine Repair argue that " apportionment " should not rest " solely upon the respective medical disabilities chargeable to each of the cases ". Appellants do not demonstrate a more feasible alternative than apportionment on the basis of medical responsibility for the final result.

They argue vaguely for " some mathematical ratio " which takes " into consideration " the " respective average weekly wages " as well as " the respective medical liabilities ", but they end their argument with a generalization rather than a demonstration.

We think that on this record the method of apportionment adopted by the board is reasonable and it is a fair method of sharing the loss of earnings to be calculated on the earnings at the time of the last injury.

The argument is also advanced that this construction of subdivision 6 of section 15 announced by the Court of Appeals, and now followed by the board deprives the appellants of constitutional rights, namely, due process of law and equal protection of the laws. We do not regard those questions to be open to debate here.

The award should be affirmed, with costs to be divided between respondent carrier and the Workmen's Compensation Board, and disbursements to each respondent.

FOSTER, P. J., COON, HALPERN and GIBSON, JJ., concur.

Award affirmed, with costs to be divided between respondent carrier and the Workmen's Compensation Board, and disbursements to each respondent.