In the Matter of the Claim of John Wilkosz, Respondent, v. Symington Gould Corporation et al., Appellants. Workmen's Compensation Board, Respondent.

Third Department, November 22, 1961.

*Charles G. Tierney* (*George G. Hayes* and *Morris N. Lissauer* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Daniel Polansky* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Tiernan & Borowiec* for claimant-respondent.

Coon, J. On November 26, 1956, claimant filed two claims for compensation, one for disability resulting from exposure to silica dust and the other for loss of hearing due to exposure to injurious noises, during the same period in the same employment for the same employer. The board has made an award for total permanent disability commencing February 13, 1956, due to silicosis, at the maximum rate then prevailing of $36 per week. The board has also made a schedule award of 31.4% for bilateral loss of hearing from February 13, 1956 (the same date as the date of total permanent disability from silicosis). Thus the claimant was awarded a total of $72 per week, or twice the maximum compensation then prevailing, concurrently for two separate conditions arising from the same employment. The question presented is whether there is any authority in the law for such a concurrent dual award. Both parties agree that the question has no exact parallel in this State.

A majority of the full board has differentiated between schedule awards and disability awards, saying: " Schedule loss awards are different than other types of awards. They are not based on claimant's loss of earnings. They are more in the nature of damages paid for the loss of or loss of use of a member or a portion thereof. They are paid irrespective of claimant's loss of earnings." We find no legal justification in this

State for such a theory. Nowhere in the Workmen's Compensation Law is there any provision for " damages ". The whole theory of the Workmen's Compensation Law is to provide a substitute for loss of wages either actual or, in the case of schedule awards, presumed. There is nothing in section 15 of the Workmen's Compensation Law which could be construed as expressly authorizing a concurrent total and partial disability. Logic dictates that there can be no disability greater than total permanent disability, and to attempt to add something to the compensation fixed by the law for such total permanent disability creates an overlapping of compensation which finds no sanction in the law.

Moreover, in this State and in the Federal courts, it has been consistently held that the purpose of a schedule award is to compensate the employee for immediate or prospective loss of earnings or earning capacity. (*Matter of Marhoffer* v. *Marhoffer,* 220 N. Y. 543; *Matter of Jensen* v. *Southern Pacific Co.,* 215 N. Y. 514, revd. on other grounds 244 U. S. 205; see, also, *Iacone* v. *Cardillo,* 208 F. 2d 696.)

In *Van Tassel* v. *Basic Refractories Corp.* (216 App. Div. 774), the court said: " Obviously, being already totally disabled, he was incapable of being again totally disabled, and the award in question should not have been made. Any other view would result in the claimant's receiving from the same employer twice the maximum compensation prescribed by the Workmen's Compensation Law."

In facial disfigurement cases, while factually different, the same theory and the relationship between any kind of compensation and loss of earnings or earning capacity, has been recognized. (*Clark* v. *Hayes,* 207 App. Div. 560, affd. 238 N. Y. 553; *Matter of Kaminski* v. *Mohawk Carpet Mills,* 11 A D 2d 827.)

The cases cited by respondent are distinguishable in that none of them involve total permanent disability or double awards arising from disabilities incurred in the course of the same employment.

The award should be modified by reversing so much thereof as awards compensation for a bilateral loss of hearing, and as so modified affirmed, with costs to appellants against the Workmen's Compensation Board, and the matter remitted.

BERGAN, P. J., HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Award modified by reversing so much thereof as awards compensation for a bilateral loss of hearing, and as so modified affirmed, with costs to appellants against the Workmen's Compensation Board, and the matter remitted.