**SEABOARD WORLD AIRLINES, INC., Plaintiff,**

v.

**AIR TRANSPORT DIVISION, TRANSPORT WORKERS UNION OF AMERICA, AFL–CIO, Transport Workers Union of America, AFL–CIO, Local 504, William Lindner, as Director of the TWU Air Transport Division, Michael Mancini, as President of TWU Local 504, Louis Forte, Andrew Stroglio, Defendants.**

No. 76 C 500.

United States District Court, E. D. New York.

Nov. 8, 1978.

Ernest L. Garb, Jamaica, N. Y., for plaintiff, by Lloyd S. Gastwirth, Jamaica, N. Y.

Wallace & O'Haire, Hicksville, N. Y., for defendants, by Andrew J. Wallace, Hicksville, N. Y.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

This action is again before the court following a remand for clarification of the award of the Seaboard World Airline System Board of Adjustment ("Adjustment Board"). In the court's view, the Board's award was in conflict with its opinion, in that the opinion apparently endorsed the position of the defendants (collectively "TWU"), while the award lent itself most readily to an interpretation in favor of plaintiff ("Seaboard"). See 434 F.Supp. 1124 (E.D.N.Y.1977). The court also concluded that the Board had not answered the stipulated issue in dispute. Thus, in view of the ambiguity, the court was unable to set aside or enforce the award and remanded it. 434 F.Supp. at 1127. No appeal was taken from this order.

On November 14, 1977, the Adjustment Board, after reconvening and hearing the parties regarding the matter as it stood on that date, issued a "clarified" award in Sea-

board's favor. Approximately seven months after the award issued, TWU now moves for summary judgment vacating the clarified award and granting counsel fees and costs. Even if this motion is timely, which need not be decided, under the circumstances of this case the court has exhausted its power of review under 45 U.S.C. § 153 First (q). Consequently and for the following reasons, TWU's motion is denied.

■ First, although an *award* of the Adjustment Board is final and binding, 45 U.S.C. § 153 First (m), the statute does not support the proposition that the *"original"* award is final and binding as TWU asserts. Not only does § 153 First (m) contemplate resolution of interpretive disputes arising out of an award by the Board, but the district court also has the power to remand the proceeding for further action as it may direct. 45 U.S.C. § 153 First (q). Here the court directed that the proceeding be remanded for clarification of the award, clearly within the power of the district court. See *United Steelworkers of America v. American Manufacturing Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

■ While courts called on to review labor arbitration awards have indeed promoted the need for finality, see the cases cited immediately above, it hardly follows that the Board on remand from the district court *never* has the power to clarify its award so as to, in effect, correct its determination. As noted by the court in *La Vale, Inc. v. R. S. Noonan, Inc.,* 378 F.2d 569, 573 (3 Cir. 1967), relied upon heavily by TWU:

> "The principle that an award once rendered is final contains its own limitation, however, and it therefore has been recognized in common law arbitration that the arbitrator can correct a mistake which is apparent on the face of his award. Similarly, where the award does not adjudicate an issue which has been submitted, then as to such issue the arbitrator has not exhausted his function and it remains open to him for subsequent determination. In such a case the arbitrator is not exposed to any greater risk of impropriety than would normally exist during the pendency of the arbitration proceedings, a risk which is inherent in the submission of disputes to nonjudicial determination."

Here, in resolving the ambiguity on the face of the award and opinion, the Board acted within this limitation to finality: the Board either corrected a mistake apparent in its award or determined an issue which the court concluded had not been decided in the first instance. In any event, it is clear that the Board did not redetermine or rehear the merits. As in *La Vale,* it stayed within the matters remanded for clarification and did not extend *de novo* review to the case. See *Paperhandlers Union v. United States Trucking Corp.,* 441 F.Supp. 469 (S.D.N.Y.1977).

■ In *Washington-Baltimore Newspaper Guild Local 35 v. Washington Post Co.,* 143 U.S.App.D.C. 210, 214, 442 F.2d 1234, 1238 (1971), also relied upon by TWU, appellant attempted to vacate and remand an arbitrator's award under Rule 60(b), F.R. Civ.P., citing newly discovered evidence. There the court held that:

> "To give appellant a rematch before the arbitrator, merely because a witness who refused to enter the original contest has now decided to participate, would not only give the Guild more than the benefit of its bargain in this case, but would undercut the finality and therefore the entire usefulness of arbitration as an expeditious and generally fair method of *settling* disputes."

No such risk of piecemeal or staggered submission of evidence likely to to erode the effectiveness of arbitration exists in this case. Nor is there a risk that outside communication or unilateral influence would affect the Board's conclusion. The Board merely acted on this court's order to clarify its award and in no manner "retried" the case. See *Washington-Baltimore Newspa-*

*per Guild Local 35 v. Washington Post Co.,
supra.* In so doing, the Board was not bound to follow blindly its first decision but was bound to correct the ambiguities and find the proper result. We trust it did.

■ Second, nothing in this court's earlier memorandum and order directed the Board to vacate or set aside the award, or in any manner reverse itself. The Board's determinations are subject to a narrow standard of judicial review, in fact, among the narrowest known to the law. *Sheehan v. Union Pacific R. Co.,* 576 F.2d 854, 856 (10 Cir. 1978). See also *Local 771, L.A.T. S.E., AFL/CIO v. RKO General Inc.,* 546 F.2d 1107, 1113 (2 Cir. 1977). The limited order remanding the case for clarification recognized the boundaries of this review. Thus, TWU's argument that an error of law is not a ground for vacating an award is inapposite. The court simply did not vacate because of an error of law. *Cf. Sheehan v. Union Pacific R. Co., supra* at 856.

Finally, the Board's clarified award stated in relevant part:

"The parties are entitled to and must receive a complete, definite and unambiguous award determining the issue in dispute which the parties themselves framed in question form for final and binding determination in this arbitral proceeding, as follows, to wit:

'When an employee receives an award from Workmen's Compensation Board for Temporary Total Disability *and* Permanent Partial Disability is the Company entitled to any reimbursement of payments which it made to the employee?'

"The answer thereto is an unequivocal yes."

The Board continued, stating that:

"The initial award herein is not only incomplete, ineffectual and unenforceable in that it utterly failed as required to definitely and unequivocally decide the agreed issue but also ambiguous and contradictory in that although 'presumably meant to be in favor of TWU, on its face it supports Seaboard' and 'lends itself most readily to an interpretation in favor

of Seaboard' [quoting from our earlier decision at 434 F.Supp. at 1126].

"Manifestly then the completion and clarification of an indefinite ambiguous and contradictory determination for which reason and purpose it was clearly remanded to the System Board of Adjustment cannot conceivably be viewed as an opportunity for the System Board or the Referee to change his opinion or award, no matter which side prevailed."

Although it is apparent that the Board was influenced by the court's memorandum which suggested that an award in favor of TWU might have been in disregard of applicable law and thus subject to its being vacated, 434 F.Supp. at 1127, it is also apparent from the above-quoted language that the Board did not view the remand as an opportunity to change its opinion but as a mandate to reach an unequivocal and proper determination.

■ Since the award is now unequivocal and clear and TWU does not suggest any ground for review of the clarified award under 45 U.S.C. § 153 First (q), the court's function in this case has been exhausted.

Accordingly, defendants' motion to vacate the clarified award is denied.

SO ORDERED.