◾ In the Matter of the Claim of HENRY E. LINGER, Appellant, v ANCHOR MOTOR FREIGHT, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Weiss, J. ◾

Claimant sustained injuries to his left arm and neck in two separate accidents occurring in April 1977 and October 1977 while employed as a driver by Anchor Motor Freight, Inc., which resulted in an award at the maximum statutory rate of $95 a week for a permanent partial disability, apportioned equally between the two accidents *(see,* Workers' Compensation Law § 15 [6] [b]). Continental Casualty Company was the carrier on both claims. On November 4, 1980, while employed as a driver for Coventry Leasing Corporation earning $315 a week, claimant sustained a compensable back injury resulting in an award for a permanent partial disability of $105 a week, also the maximum statutory amount *(see,* Workers' Compensation Law § 15 [6] [a]). Firemen's Insurance Company was the carrier on this claim. It appears claimant did not disclose the 1977 accidents or the award made thereon at the time of the award on the 1980 accident, and during the period from November 4, 1980 to October 1982 was paid benefits by both Continental Casualty on the 1977 claims and Firemen's Insurance on the 1980 claim. Each carrier was unaware the other was paying compensation until April 1982, at which time a joint hearing on all three cases was requested. Following several hearings, an Administrative Law Judge made an award at an over-all rate of $105 a week apportioned $21 (20%) to each of the 1977 accidents and $63 (60%) to the 1980 accident.* Upon review, the Workers' Compensation Board affirmed and held that claimant was not entitled to concurrent awards for each accident, the total of which would exceed the statutory maximum rate of compensation in 1980, the time of the most recent accident. Claimant has appealed.

The sole issue is whether claimant is entitled to receive concurrent awards for both the 1977 and 1980 accidents

---

* Neither carrier contests this apportionment.

which, in the aggregate, exceed the statutory maximum for a permanent partial disability at the time of the 1980 occurrence. Workers' Compensation Law § 15 (6) (a) provides in substance that compensation for a permanent partial disability due to an accident after January 1, 1978 shall not exceed $105 per week, and further limits the combination of compensation and earning capacity to an amount no greater than the employee's average weekly wage. In essence, claimant maintains that this provision establishes a per case maximum compensation rate, entitling him to receive a maximum award for both the 1977 injuries and the 1980 injury, subject only to the limitation that the combination of compensation and earning capacity not exceed his average weekly wage ($315 at this time).

In rejecting this contention, we first observe that claimant agrees that the two 1977 injuries were properly treated as a single disability, since each involved the left arm and neck area and occurred during the same employment. Claimant maintains, however, that the 1980 accident creates an altogether different situation, inasmuch as a different body area (lower back) was injured during the course of a separate employment. In such a situation, claimant urges that a per accident application of the statute is appropriate. We disagree. Nowhere in the text of the statute is a distinction drawn as to areas of injury or separate employments. While the statute defines the maximum compensation rate in terms of "an accident", when considered in context it becomes readily apparent that the Legislature has promulgated a statutory maximum for permanent partial disability at $105 a week during the relevant time frame. That claimant may have received separate injuries during successive employments does not alter the fact that he remains partially disabled. Moreover, acceptance of claimant's premise could result in an accumulation of permanent partial disability awards greater than the maximum rate for permanent total disability, a result clearly foreclosed by judicial precedent (see, Matter of Wilkosz v Symington Gould Corp., 14 AD2d 408, 410, affd 14 NY2d 739).

Consequently, we conclude that the Board properly determined claimant was entitled to an award for permanent partial disability only to the extent of the maximum statutory rate for a 1980 accident, i.e., $105 a week (Workers' Compensation Law § 15 [6] [a]). The decision comports with the design of the Workers' Compensation Law to provide a substitute for

lost wages, not compensatory damages for injuries sustained (*see, Matter of Wilkosz v Symington Gould Corp., supra*).

Decision affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Levine, JJ., concur.