■ In the Matter of the Claim of KARL SALVET, Appellant, v UNION CARBIDE LINDE DIVISION et al., Respondents. WORKERS'

COMPENSATION BOARD, Respondent.—Kane, J. Appeal from a decision of the Workers' Compensation Board, filed September 24, 1986, which limited claimant's award for occupational hearing loss to $10 per week.

As a result of two compensable injuries, separately incurred, claimant was classified in February 1983 as permanently partially disabled and received a nonschedule award of $95 per week for that disablement. In June 1984, he was further classified as having suffered a 24.2% occupational loss of binaural hearing and received a schedule award of $105 per week for 36.3 weeks. Upon application of the carrier, the Workers' Compensation Board reduced the schedule award to $10 per week to conform to the maximum amount of $105 per week pursuant to Workers' Compensation Law § 15 (6) (a), which provides in part: "Compensation for permanent or temporary partial disability due to an accident or disablement resulting from an occupational disease that occurs (1) on or after January first, nineteen hundred seventy-eight, shall not exceed one hundred five dollars per week".

The issue on this appeal is whether the Board was correct in reducing the schedule award to $10 because a greater award, coupled with the nonschedule award for permanent partial disability would, in the aggregate, exceed the statutory maximum of $105 per week. We resolved a similar issue involving two nonschedule awards and found that the provisions of Workers' Compensation Law § 15 (6) (a) applied to the aggregate of permanent partial disability awards resulting from two separate accidents in 1977 and 1980 *(see, Matter of Linger v Anchor Motor Frgt.,* 124 AD2d 350, 351, *lv denied* 69 NY2d 605).

Although the instant case presents a schedule and non-schedule award in the realm of permanent partial disability, it is our view that the provisions of the statute still apply (Workers' Compensation Law § 15 [6] [a]). In *Matter of Wilkosz v Symington Gould Corp.* (14 AD2d 408, *affd* 14 NY2d 739), decided after the enactment of Workers' Compensation Law article 3-A, the claimant received a nonschedule and schedule award for *total* disability, the aggregate of which exceeded the maximum allowed for total permanent injury, and this court found that statutory limitations applied because there could be no greater injury than total permanent injury. In our view, the same literal interpretation of Workers' Compensation Law § 15 (6) (a) should apply to this case. The Legislature has put a ceiling on the amount recoverable from permanent partial

injury without specifically distinguishing between schedule and nonschedule awards.

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.