■ In the Matter of the Claim of GEORGE BALTSAVIAS, Appel-

lant, v CALDOR, INC., et al., Respondents. WORKERS' COMPENSA-
TION BOARD, Respondent.—Levine, J. Appeal from a decision
of the Workers' Compensation Board, filed March 16, 1987.

Claimant sustained injuries in two work-related accidents
which occurred in 1975 and 1977. Following each accident,
claimant received medical treatment and returned to work.
Both cases had been closed but were reopened and restored to
the calendar for development of the record concerning com-
pensable lost time, treatment and permanency. The Workers'
Compensation Board determined, *inter alia,* that claimant had
a permanent partial disability, apportioning 25% to the 1975
accident and 75% to the 1977 accident. Claimant's untimely
appeal from this decision was dismissed by this court.

On November 20, 1985, the Board made certain findings
with respect to the workers' compensation carriers' responsi-
bility for medical bills and claimant's average weekly wage.
That decision was affirmed by this court, which noted that the
contention that claimant is and has been permanently and
totally disabled as a result of each of the work-related acci-
dents was outside the scope of that appeal *(Matter of Baltsa-
vias v Caldor, Inc.,* 127 AD2d 895, *appeal dismissed* 70 NY2d
796).

In the decision which is the subject of this appeal, the Board
determined that claimant may not be awarded compensation
in excess of the statutory maximum rates, that there has been
no change in the degree of causally related disability since the
prior classification, and that claimant is entitled to compensa-
tion at the rate previously determined and as previously
apportioned ($74.06 per week apportioned at 25% and 75%).

The gravamen of claimant's argument in this appeal is that
the Board's order of restoral dated September 4, 1979 consti-
tuted a final order of the Board and that all subsequent
decisions rendered by the Board were made in excess of the
Board's jurisdiction and are therefore a nullity. Claimant
further contends that the Board has acted tortiously, negli-
gently and in breach of its contract to provide compensation
to claimant, entitling claimant to recover over $10,000,000
from the Board in compensatory and punitive damages. This
court, of course, lacks jurisdiction to entertain the claims
against the State and claimant's other contentions are totally
without merit.

Although claimant does not contest the evidentiary basis for
the Board's decision from which he appeals, in our view, the
decision was correct in every respect and should be affirmed.

The Board's determination that claimant was not entitled to receive compensation in excess of the statutory maximum rates was clearly proper *(see,* Workers' Compensation Law § 15 [6] [b]; *see also, Matter of Linger v Anchor Motor Frgt.,* 124 AD2d 350, *lv denied* 69 NY2d 605). In addition, substantial evidence supports the Board's conclusions that claimant suffers from only permanent partial disability and that there has been no change in the degree of causally related disability since the prior classification.

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.