◼ In the Matter of JACQUELINE BOYKINS, Respondent, v SYRACUSE DEVELOPMENTAL CENTER et al., Appellants, and KELSEY-HAYES COMPANY, UTICA DIVISION, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [606 NYS2d 369] —Weiss, P. J. Appeal from a decision of the Workers' Compensation Board, filed August 31, 1992.

In 1981 claimant, while employed by Kelsey-Hayes Company as a matrix molder, suffered an injury resulting in the removal of her left kneecap causing a permanent partial disability. At the time of the accident she was earning $367.40

per week. She thereafter became employed at Syracuse Developmental Center (hereinafter Syracuse) as a mental hygiene aide trainee where, in a May 28, 1987 accident, she sustained a herniated disc resulting in total permanent disability. Prior to her disabling accident her salary at Syracuse was $284.48 per week, as a result of which her prior compensation award had been reduced to $55.17 per week, representing two thirds of the difference between her then current wage and her former average weekly wage. By decision filed August 31, 1992 claimant was awarded $244.83, of which $55.17 was apportioned against her original employer and $189.66 was apportioned to Syracuse. Syracuse appeals contending that the award exceeds the amount permitted by Workers' Compensation Law § 15 (1) and (2).

At issue is the appropriateness of concurrent awards resulting from different injuries and different employments where the statutory maximum of $300 (see, Workers' Compensation Law § 15 [6] [a]) is not exceeded. Initially, we note that concurrent awards are not precluded where separate and distinct injuries are sustained in different employments (see, Workers' Compensation Law § 15 [7], [8]; *Matter of Salvet v Union Carbide Linde Div.,* 135 AD2d 965; see also, *Matter of Snyder v Wickwire Spencer Steel Co.,* 277 App Div 233). Here, claimant suffered a permanent partial disability resulting in an award compensating her for her lost earnings. Reflecting such lost earning capacity, she was permitted to accept employment at lower wages and remain eligible to receive some workers' compensation benefits (see, Workers' Compensation Law § 15 [5]). If the remainder of her earning capacity was terminated by an accident at her new employment, claimant is not precluded from seeking workers' compensation benefits from the new employer (see, Workers' Compensation Law § 15 [7]). Claimant's total award is two thirds of her original wage of which the apportioned share against Syracuse is two thirds of the wages it paid, which is within the limits imposed by Workers' Compensation Law § 15 (1), (2) and/or (6).

Mercure, White, Mahoney and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.