■ In the Matter of the Claim of DEREK PAGE, Respondent, v INSULPANE, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [672 NYS2d 969] —Yesawich Jr., J. Appeal from an amended decision of the Workers' Compensation Board, filed October 17, 1996, which directed that an award of workers' compensation benefits be paid by the State Insurance Fund.

In May 1986, claimant suffered a compensable injury to his left foot and ankle. Workers' compensation benefits were awarded and the case was closed pending the outcome of a third-party action claimant had initiated. Claimant settled that action for $15,000 with the written consent of the

employer's workers' compensation insurance carrier, which had agreed to accept $5,000 in satisfaction of its lien, totaling almost $25,000, for compensation and medical expenses it had paid (*see*, Workers' Compensation Law § 29 [1]); the carrier also waived its right to offset future compensation payments against the settlement proceeds (*see*, Workers' Compensation Law § 29 [4]).

Thereafter, by notice of decision filed July 17, 1991, a Workers' Compensation Law Judge determined that claimant had sustained a 25% loss of use of his left foot and was, accordingly, entitled to a "schedule award" of $7,687.50 (*see*, Workers' Compensation Law § 15 [3]). The carrier maintained that no further payments were due (and, indeed, that claimant had been overpaid) because the disability payments it had paid claimant ($8,038.57) exceeded the amount of the schedule award. Upon claimant's request, the case was restored to the hearing calendar. The Workers' Compensation Board ultimately determined, by decision filed October 17, 1996, that no overpayment had occurred because the carrier had either recouped, or waived its right to reimbursement of, the disability payments that it had made prior to the settlement. Consequently, the Board held that those payments (amounting to $5,698.57 of the $8,038.57 paid) were to be excluded when determining how much of the schedule award remains due. The carrier appeals.

At issue are two different types of recoupment or setoff: the recovery of benefits previously paid (and the offset of amounts to which the claimant is later found to be entitled) from the proceeds of a third-party lawsuit (*see*, Workers' Compensation Law § 29 [1], [4]), and the right to take a credit against a subsequently determined schedule award for disability payments that have already been received for the same injury (*see*, Workers' Compensation Law § 15 [4-a]; *Matter of Landgrebe v County of Westchester*, 57 NY2d 1, 6). These provisions serve entirely different purposes; the first is designed to shift the burden of paying compensation from the employer's carrier to the party actually responsible for the injury, whereas the second is intended to limit the total amount of workers' compensation benefits received by the claimant, regardless of whether the carrier is able to shift liability therefor to a third party. The carrier's exercise or waiver of its rights pursuant to Workers' Compensation Law § 29 does not bar its subsequent reliance upon the limitation set forth in Workers' Compensation Law § 15 (4-a). To conclude otherwise, as the Board has in this case, would provide claimant with an unjustifiable double recovery.

Moreover, given the clear wording of the waiver at issue, and the context in which it was executed, that document was plainly intended only to restrict the carrier's rights vis-à-vis the proceeds of the third-party action and not to affect its ability to invoke the limitation upon claimant's total compensation award set forth in Workers' Compensation Law § 15 (4-a). There is no tenable reason to interpret the waiver more broadly, particularly when the result of doing so, as here, is to bestow a windfall (*cf.*, *Matter of Soper v Gouverneur Talc Co.*, 243 AD2d 1001, 1002-1003; *Matter of Wilkosz v Symington Gould Corp.*, 14 AD2d 408, 410, *affd* 14 NY2d 739).

Mikoll, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.