◼ In the Matter of the Claim of NORMAN LANSBERRY, Respondent, v CARBIDE/GRAPHITE GROUP, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [814 NYS2d 346]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed November 22, 2004, which ruled that claimant's schedule loss of use award is not subject to an award to claimant in another workers' compensation case.

Claimant suffered a compensable back injury in July 2002. In a decision filed in May 2003, he was awarded the maximum benefit of $400 per week upon his claim for workers' compensation benefits. Claimant remained unable to return to work, and the record reveals that he continued to receive payments on that award through most of 2004. In July 2003, claimant submitted a separate claim for benefits due to his work-related binaural hearing loss, for which he was ultimately awarded a 4.10% schedule loss of use, to be paid at $400 per week for 6.15 weeks. The workers' compensation law judge concluded, among other things, that the schedule loss of use award was subject to the award for claimant's back injury. Upon claimant's application for review, the Workers' Compensation Board reversed that part of the decision of the workers' compensation law judge and determined that the schedule loss of use award was not subject to the temporary disability benefits that claimant was receiving for his July 2002 back injury. The employer and the State Insurance Fund appeal.

The Board correctly determined that our decision in *Matter of Miller v North Syracuse Cent. School Dist.* (1 AD3d 691 [2003]) is controlling. Although claimant's temporary disability benefits continued over a lengthy period of time, the Board acknowledged that "[t]he question of whether the claimant's nonschedulable injury . . . should be classified as a permanent injury has not yet been determined." Thus, at the time of the Board's decision, claimant's nonschedule award was a temporary award intended to compensate him for his loss of income during a finite period, and was "not meant to reimburse claimant for the loss of all future earning capacity" (*id.* at 693; *compare Matter of Soper v Gouverneur Talc Co.*, 243 AD2d 1001, 1002-1003 [1997]; *Matter of Salvet v Union Carbide Linde Div.*, 135 AD2d 965, 966 [1987]; *Matter of Wilkosz v Symington Gould Corp.*, 14 AD2d 408, 410 [1961], *affd* 14 NY2d 739 [1964]). The schedule award is intended to compensate him for future loss of earnings due to his hearing loss, and thus, the two awards do not overlap (*see*

*Matter of Miller v North Syracuse Cent. School Dist., supra* at 693; *compare Matter of Kaminski v Mohawk Carpet Mills*, 11 AD2d 827 [1960] [the claimant could not recover temporary and schedule awards for same facial disfigurement]). Accordingly, the Board correctly determined that the schedule loss of use award is not subject to the temporary total disability award. This affirmance is without prejudice to reconsideration should claimant's back injury be classified as permanent (*see Matter of Soper v Gouverneur Talc Co., supra* at 1003).

Mercure, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.