Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

■ In the Matter of the Claim of ROBERT LAMANTIA, Respondent, v MIDLAND ELEVATOR COMPANY, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [874 NYS2d 287]—

Stein, J. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed July 27, 2007 and July 9, 2008, which ruled that claimant's schedule loss of use award is not subject to a nonschedule award to claimant in another workers' compensation case.

Claimant filed two separate claims for workers' compensation benefits in March 2005. One claim was for bilateral carpal tunnel syndrome and the other was related to a back injury. A Workers' Compensation Law Judge (hereinafter WCLJ) found that a compensable back injury of a temporary nature existed and awarded claimant a nonschedule temporary disability award at the maximum benefit rate of $400 per week commencing March 21, 2005. On the same day the back injury was established, the WCLJ found prima facie evidence related to the carpal tunnel claim, but made no award at that time. The award for claimant's back injury was thereafter periodically extended throughout the next two years, without change. In February 2007, a WCLJ determined that claimant was entitled to a schedule loss of use award based upon his original carpal tunnel claim. This award entitled claimant to 70.15 weeks of benefits over the period of March 10, 2005 to July 14, 2006 at $400 per week. On the same day, the WCLJ determined that claimant was permanently partially disabled due to his established back injury and continued the maximum benefit of $400 per week for life.

The State Insurance Fund—the employer's workers' compensation carrier—applied for review, arguing that the February 2007 awards resulted in an overlap, impermissibly enabling

claimant to collect weekly compensation of $800 per week, or double the statutorily allowed maximum under Workers' Compensation Law § 15 (6), for the time period of March 21, 2005 through July 14, 2006. The Workers' Compensation Board affirmed the awards, first on July 27, 2007, and again in an amended decision on July 9, 2008. In the July 2008 decision, the Board panel determined that there was no impermissible overlap of the schedule loss of use award for carpal tunnel syndrome and the nonschedule permanent disability award for the back injury because claimant was not classified as permanently disabled until 2007 and, therefore, during the time in which both the schedule award and the nonschedule award ran (March 21, 2005 to July 14, 2006), the nonschedule award was for a *temporary* disability. The employer and the State Insurance Fund now appeal. Because we agree that the combined schedule and nonschedule awards would result in claimant receiving more than the weekly maximum allowed pursuant to Workers' Compensation Law § 15 (6), we reverse.

Workers' Compensation Law § 15 (6) provides, as relevant here, that compensation for disability due to an accident or disablement resulting from an occupational disease occurring between July 1, 1992 and July 1, 2007 shall not exceed $400 per week. We begin our analysis of whether the awards here are violative of that limitation with a review of the distinction between the nature of the awards in question. "When an award is based on a finding of permanent disability, the benefit is intended to recompense a claimant for the loss of . . . his or her earning capacity on a permanent basis—i.e., without respect to any particular time frame" (*Matter of Miller v North Syracuse Cent. School Dist.*, 1 AD3d 691, 692 [2003]; *see Matter of Soper v Gouverneur Talc Co.*, 243 AD2d 1001, 1002-1003 [1997]; *Matter of Salvet v Union Carbide Linde Div.*, 135 AD2d 965, 966 [1987]). Similarly, the purpose of a schedule loss of use award is to " 'compensate for loss of earning power' " (*Matter of LaCroix v Syracuse Exec. Air Serv., Inc.*, 8 NY3d 348, 353 [2007], quoting *Matter of Marhoffer v Marhoffer*, 220 NY 543, 547 [1917]). As such, a schedule award "is not allocable to any particular time frame" (*Matter of Miller v North Syracuse Cent. School Dist.*, 1 AD3d at 693), is "independent of the time an employee actually loses from work . . . [and] may not be viewed as including a specific period of disability" (*id.* at 692 [internal quotation marks and citations omitted]). On the other hand, a temporary disability award is intended to compensate the claimant for a "temporary loss of wages during a specific period of time" (*Matter of LaCroix v Syracuse Exec. Air Serv., Inc.*, 8 NY3d at 357).

In view of these distinctions, we have held that a schedule

loss of use award may be paid concurrently with a *temporary* disability award where the aggregate award exceeds the maximum without running afoul of Workers' Compensation Law § 15 (6) (*see Matter of Lansberry v Carbide/Graphite Group, Inc.*, 28 AD3d 1031, 1032-1033 [2006]; *Matter of Miller v North Syracuse Cent. School Dist.*, 1 AD3d at 692-693). However, a contrary result is necessarily reached where a schedule loss of use award made concurrent to a nonschedule award for *permanent* disability exceeds the statutory maximum amount, inasmuch as both awards are intended to compensate the claimant for the loss of future earning capacity, not for a loss of income during a finite period (*see Matter of Salvet v Union Carbide Linde Div.*, 135 AD2d at 966-967; *see also Matter of Soper v Gouverneur Talc Co.*, 243 AD2d at 1002). Under these circumstances, the nonschedule award ensures that the claimant will be fully compensated for the loss of his or her earning capacity (*see Matter of Soper v Gouverneur Talc Co.*, 243 AD2d at 1002-1003).

Here, the schedule loss of use award was granted on the same day that claimant's nonschedule injury was classified as permanent. Contrary to the Board's interpretation, since "payment of the schedule award is not allocable to any particular period of disability" (*Matter of Lynch v Board of Educ. of City of N.Y.*, 1 AD2d 362, 365 [1956], *affd* 3 NY2d 871 [1957]; *accord Matter of LaCroix v Syracuse Exec. Air Serv., Inc.*, 8 NY3d at 356), the time period cited in the schedule award (in relation to the time when the back injury was classified as permanent) is not determinative of whether it impermissibly overlaps with the nonschedule award. Inasmuch as the nonschedule award eventually became classified as permanent and provides claimant with the maximum allowed payment of $400 per week for life, the schedule loss of use award must be reconsidered, as claimant is now "entitled to no more" (*Matter of Soper v Gouverneur Talc Co.*, 243 AD2d at 1003). This determination is without prejudice to reconsideration if there should be a change in claimant's disability status (*see id.*).

Peters, J.P., Lahtinen and Kavanagh, JJ., concur. Ordered that the decision and amended decision are reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.