In the Matter of the Claim of WAYNE SCHMIDT, Respondent, v FALLS DODGE, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [890 NYS2d 148]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed August 7, 2008, which ruled that claimant's schedule loss of use award is not subject to claimant's awards in other workers' compensation cases.

In 2005, claimant filed three separate workers' compensation claims and was awarded benefits on each occasion. He submitted a fourth claim for hearing loss in 2007. After a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for the occupational disease of binaural hearing loss and awarded claimant a 21.43% schedule loss of use, to be paid at $400 per week for 32.145 weeks. Although the WCLJ also established the date of disablement as September 27, 2005, and claimant's earlier awards encompassed various time frames

within the ensuing 32 weeks, the WCLJ determined that claimant's schedule loss of use award was not subject to the temporary disability benefits he was already receiving. The Workers' Compensation Board upheld that determination, prompting this appeal by the employer and the State Insurance Fund.

We affirm. Contrary to the assertion of the State Insurance Fund and the employer, the Court of Appeals' decision in *Matter of LaCroix v Syracuse Exec. Air Serv., Inc.* (8 NY3d 348 [2007]), which dealt with the proper method of payment of a schedule loss of use award, did not overrule this Court's holding in *Matter of Miller v North Syracuse Cent. School Dist.* (1 AD3d 691 [2003]). In *Miller*, we observed that "a schedule award is simply the method or formula by which the total amount of a compensation award is to be measured [and] . . . may not be viewed as including a specific period of disability" (*id.* at 692). Drawing a distinction between a nonschedule award based on a finding of permanent disability and one based on a finding of temporary disability, we went on to hold that schedule and nonschedule awards cannot be said to overlap where "the nonschedule award is based upon a finding of *temporary* disability *during a limited time frame*" (*id.* at 693).

Accordingly, here, the Board correctly concluded that the schedule loss of use award, intended to compensate claimant for his future loss of earnings as a result of his hearing loss, was not subject to his temporary disability awards, which were "intended to compensate him for his loss of income during . . . finite period[s]" (*Matter of Lansberry v Carbide/Graphite Group, Inc.*, 28 AD3d 1031, 1032-1033 [2006]; *see Matter of Miller v North Syracuse Cent. School Dist.*, 1 AD3d at 693).

Cardona, P.J., Peters, Kane and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.