Rose, J.P.
Workers’ Compensation Law § 15 (6) (a) specifies that, regardless of the type of disability, claimant can receive no more than $400 a week in benefits for his 2004 injuries. We have long held that concurrent payments for schedule and nonschedule awards may not exceed that maximum rate where the nonschedule award arises from a permanent disability (see Matter of Lamantia v Midland El. Co., Inc., 59 AD3d 892, 894 [2009]; Matter of Miller v North Syracuse Cent. School Dist., 1 AD3d 691, 692 [2003]; Matter of Soper v Gouverneur Talc Co., 243 AD2d 1001, 1002-1003 [1997]; Matter of Salvet v Union Carbide Linde Div., 135 AD2d 965, 966-967 [1987]; Matter of Wilkosz v Symington Gould Corp., 14 AD2d 408, 409-410 [1961], affd 14 NY2d 739 [1964]; see also Matter of Linger v Anchor Motor Frgt., 124 AD2d 350, 351-352 [1986], lv denied 69 NY2d 605 [1987]). Indeed, the Court of Appeals has recently held that the statutory cap extends to any concurrently made “periodic payments of a schedule loss of use award” and nonschedule award payments, even if the latter are for a temporary disability (Matter of Schmidt v Falls Dodge, Inc., 19 NY3d 178, 183 [2012]).
Contrary to claimant’s argument, there is nothing in the 2009 amendments to Workers’ Compensation Law §§ 15 and 25 that evinces an intent on the Legislature’s part to overturn our longstanding precedent capping the maximum amount of awards paid concurrently (see Workers’ Compensation Law §§ 15 [3] [u]; 25 [1] [b], as amended by L 2009, ch 351, §§ 1, 2; Assembly Mem in Support, 2009 McKinney’s Sess Laws of NY at 1720-1721). Accordingly, the Board properly determined that claimant’s receipt of maximum weekly benefits on his nonschedule award precluded the receipt of additional benefits under a *1421 schedule loss of use award. Claimant’s remaining arguments have been considered and found to be without merit.
Lahtinen, Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.