Matter of Jagiello v Air Tech Lab, Inc. (2021 NY Slip Op 04073)





Matter of Jagiello v Air Tech Lab, Inc.


2021 NY Slip Op 04073


Decided on June 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 24, 2021

531739
[*1]In the Matter of the Claim of Czeslaw Jagiello, Appellant,
v
Air Tech Lab, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:June 1, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

Law Office of Geoffrey Schotter, New York City (Geoffrey Schotter of counsel), for appellant.
Vecchione, Vecchione, Connors & Cano LLP, Garden City (Brian M. Anson of counsel), for Air Tech Lab, Inc. and another, respondents.



Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed January 15, 2020, which ruled that claimant was entitled to concurrent awards.
Claimant has an established workers' compensation claim for an occupational disease, affecting various areas, that became disabling in 2017. He also has a prior claim established for distinct injuries arising out of his work at the World Trade Center site. Under the prior World Trade Center claim, he was awarded $400 a week in workers' compensation benefits at the temporary partial disability rate from February 2018 onward. The parties disputed, in relevant part, the amount of additional workers' compensation benefits to which he was entitled under the occupational disease claim. The Workers' Compensation Board ultimately noted that, absent the complicating factor of the prior World Trade Center claim, claimant would be entitled to $480.71 a week in workers' compensation benefits at the temporary partial disability rate from February 2018 onward. The Board determined that claimant could not receive a concurrent award in excess of $801.32 a week, however, and therefore awarded $401.32 a week under the occupational disease claim at the temporary partial disability rate. Claimant appeals.
Claimant does not dispute that, although he was entitled to concurrent awards given that he sustained distinct injuries in different employments, he "was not entitled to receive compensation in excess of the statutory maximum rates" in effect at the time of the later date of disablement (Matter of Baltsavias v Caldor, Inc., 137 AD2d 895, 897 [1988], appeal dismissed 72 NY3d 951 [1988]; see Workers' Compensation Law § 15 [6]; Matter of Linger v Anchor Motor Frgt., 124 AD2d 350, 351 [1986], lv denied 69 NY2d 605 [1987]). He instead argues that the statutory cap at the date of disablement in his occupational disease claim was $870.61 a week, not $801.32, and that the Board should have awarded him $470.61 a week in benefits under the occupational disease claim. We disagree and affirm.
The Board recognized that Workers' Compensation Law § 15 (6), which caps "[c]ompensation for permanent or temporary partial disability . . . due to an accident or disablement resulting from an occupational disease" arising between July 1, 2017 and June 30, 2018 at "two-thirds of the New York state average weekly wage for" that period, prevented claimant's combined weekly workers' compensation benefit from exceeding $870.61 (see Workers' Compensation Schedule of Maximum Weekly Benefit, available at http://www.wcb.ny.gov/content/main/ Workers/ScheduleMaxWeeklyBenefit.jsp). Nevertheless, the Board implicitly recognized that, because claimant was awarded benefits at the temporary partial disability rate, the appropriate award was "two-thirds of the difference between [his] average weekly wages before the [latest] accident and his wage earning capacity after the accident in the same or other employment" (Workers' Compensation Law § 15 [5[*2]]; see Matter of Meszaros v Goldman, 307 NY 296, 300 [1954]; Matter of Keefe v Aramatic Refreshment Servs., Inc., 110 AD3d 1429, 1430 [2013]; Matter of Braunstein v General Mar. Repair, 1 AD2d 638, 639 [1956]). As two thirds of claimant's average weekly wages on the date of disablement was $801.32, and there was no dispute as to whether "the degree of disability finding in [the occupational disease claim] represented an overall degree of disability finding," the Board determined that the concurrent awards could not exceed that "total disability rate." Suffering "separate injuries during successive employments does not alter the fact that [claimant] remains partially disabled" and, under the circumstances present here, directing concurrent awards up to the statutory cap would "result in an accumulation of [temporary] partial disability awards greater than the maximum rate for [temporary] partial disability" authorized by statute (Matter of Linger v Anchor Motor Frgt., 124 AD2d at 351). Thus, the Board's determination to limit the award upon claimant's occupational disease claim so that the concurrent award would not exceed $801.32 a week was proper.
Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.