In the Matter of the Claim of HOWARD GALLMAN, Respondent, v. WALT'S TREE SERVICE, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, February 21, 1974.

*Herbert Lasky* (*Louis Busell* of counsel), for State Insurance Fund, appellant.

*Lipsitz, Green, Fahringer, Roll, Schuller & James* for Howard Gallman, respondent.

*Louis J. Lefkowitz, Attorney-General* (*Henriette Frieder* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

COOKE, J. This is an appeal from a decision of the Workmen's Compensation Board, filed June 12, 1973.

Claimant suffered a fractured skull when struck by a tree limb in the course of his employment on March 11, 1968. He received an award for temporary total disability until June 3, 1968 when he returned to work at an increased rate of pay. It is undisputed that he suffered a " mild permanent partial disability " and on October 19, 1971 the Referee so classified his

condition. However, since claimant suffered no loss in earnings, no compensation was awarded for such disability. The injury and the resulting surgery resulted in considerable scarring of claimant's forehead. He was therefore awarded $850 for facial disfiguration and the board affirmed the award. Appellants seek reversal contending that the award for facial disfiguration is inconsistent with the classification of permanent partial disability.

"The whole theory of the Workmen's Compensation Law is to provide a substitute for loss of wages either actual or, in the case of schedule awards, presumed" (*Matter of Wilkosz v. Symington Gould Corp.*, 14 A D 2d 408, 410, affd. 14 N Y 2d 739). Therefore, concurrent payment of an award for facial disfigurement and for permanent or total disability would be double compensation, in one case for presumed wage loss and in the other for proven wage loss, a result contrary to the purpose and policy of the statute (*id., Matter of Kaminski v. Mohawk Carpet Mills*, 11 A D 2d 827; *Matter of Freeland v. Endicott Forging & Mfg. Co.*, 233 App. Div. 440, 441; *Matter of Clark v. Hayes*, 207 App. Div. 560, affd. 238 N. Y. 553).

Appellants' argument is based on the erroneous assumption that a classification of mild permanent partial disability is an "adjudication in the nature of an award". The term "award", although not explicitly defined in the statute, contemplates more than a mere classification of injuries (see, e.g., *Matter of Mallette v. Hubbs & Hastings Paper Co.*, 279 App. Div. 811; *Carter v. Brooklyn Ladder Co.*, 265 App. Div. 39). The attempt to equate "award" with "decision" must fail in view of the consistent differentiation between the two in the statute (Workmen's Compensation Law, § 23). Section 23 of the Workmen's Compensation Law provides, in part, that: "An appeal * * * shall not operate as a stay of the *payment of compensation required by the terms of the award*" (emphasis supplied). Further support for this view is found in *Matter of Kaminski v. Mohawk Carpet Mills* (*supra*) where concurrent *awards* were proscribed as contrary to the general policy of the Workmen's Compensation Law against overlapping compensation (see *Matter of Clark v. Hayes, supra*, p. 563). In *Kaminski*, claimant received an award for facial disfigurement concurrently with an award for temporary total disability and it was held that the former award was premature as long as the latter award was operative.

In the instant case there is only one award — for facial disfigurement. There is no concurrently operative award for per-

manent partial disability, nor is there, nor can there be, any overlapping compensation. Should an award for permanent partial disability become necessary in the future due to changed circumstances (see *Matter of Kaminski* v. *Mohawk Carpet Mills, supra*), the carrier would be credited for the payments made pursuant to the award for facial disfiguration (*Matter of Freeland* v. *Endicott Forging & Mfg. Co., supra*). Thus, the rights of the respective parties are preserved.

The decision should be affirmed, with costs to the Workmen's Compensation Board.

HERLIHY, P. J., STALEY, JR., GREENBLOTT and MAIN, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.