Matter of Taher v Yiota Taxi, Inc. (2018 NY Slip Op 04414)





Matter of Taher v Yiota Taxi, Inc.


2018 NY Slip Op 04414


Decided on June 14, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 14, 2018

525399

[*1]In the Matter of the Claim of MOHAMMED TAHER, Appellant,
v
YIOTA TAXI, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: May 2, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Grey & Grey, LLP, Farmingdale (Robert E. Grey of counsel), for appellant.
Weiss, Wexler & Wornow, New York City (J. Evan Perigoe of counsel), for Yiota Taxi, Inc. and another, respondents.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from a decision of the Workers' Compensation Board, filed November 23, 2016, which ruled, among other things, that claimant was not simultaneously entitled to an award for a schedule loss of use and permanent partial disability classification.
In April 2010, claimant, while working as a taxi driver, was involved in a motor vehicle accident and filed a claim for workers' compensation benefits. His claim was ultimately established for injuries to the neck, back, right knee and right
shoulder. Thereafter, claimant was evaluated by several physicians who reached varying conclusions regarding the percentages for claimant's schedule loss of use (hereinafter SLU) for both his right shoulder and right knee and the severity rankings for his nonschedule injuries to his lumbar and cervical spine. Deposition testimony was taken, and, during an ensuing hearing, claimant's counsel argued, as relevant here, that because claimant had returned to work at preinjury wages, claimant should receive a SLU award for his permanent injuries to his right knee and right shoulder, irrespective of whether claimant also receives permanent partial disability classification for the other injuries that he sustained in the same accident. In an April 2016 decision, a Workers' Compensation Law Judge classified claimant with a nonschedule cervical spine condition of E severity and a lumbar spine condition of E severity and directed claimant to produce a VDF-1 form. Upon administrative appeal, claimant argued that he was [*2]entitled to both a permanent partial disability classification and an SLU award. The Workers' Compensation Board disagreed, finding, in relevant part, that claimant is not entitled to both an award for an SLU and a nonschedule permanent partial disability classification for injuries sustained in the same work-related accident [FN1]. Claimant appeals.
Claimant's principal contention on appeal is that the Board erred in concluding that he may not receive a simultaneous SLU award and a permanent partial disability classification pursuant to Workers' Compensation Law § 15 (3) for impairments that arise out of the same work-related accident where he has returned to work at preinjury wages. Compensation for permanent partial disabilities is governed by Workers' Compensation Law § 15 (3) and is based on disabilities arising from schedule and nonschedule injuries. With respect to schedule injuries, SLU awards are made to compensate for the loss of earning power or capacity that is presumed to result, as a matter of law, from permanent impairments to statutorily-enumerated body members (see Workers' Compensation Law § 15 [3] [a]-[v]; Matter of Walczyk v Lewis Tree Serv., Inc., 134 AD3d 1364, 1365 [2015], lv denied 28 NY3d 902 [2016]; Matter of Lamantia v Midland El. Co., Inc., 59 AD3d 892, 894 [2009]; Matter of Gallman v Walt's Tree Serv., 43 AD2d 419, 420 [1974]; Matter of Wilkosz v Symington Gould Corp., 14 AD2d 408, 409-410 [1961]; affd 14 NY2d 739 [1964]). The amount of an SLU award is based upon the body member that was injured and the degree of impairment sustained; it is not allocable to any particular period of disability and is independent of any time that the claimant might lose from work (see Matter of Keselman v New York City Tr. Auth., 18 AD3d 974, 976 [2005], appeal dismissed 5 NY3d 880 [2005], lv denied 6 NY3d 708 [2006]). By contrast, compensation for a permanent partial disability that arises from a nonschedule injury, i.e., an injury to a body member not specifically enumerated in subsections (a)-(u), is based on a factual determination of the effect that the disability has on the claimant's future wage-earning capacity (see Workers' Compensation Law § 15 [3] [w]).
A claimant who sustains both schedule and nonschedule injuries in the same accident may receive only one initial award (see Matter of Gallman v Walt's Tree Serv., 43 AD2d at 420-421), because an SLU award and an award made for permanent partial disabilities are both intended to compensate a claimant for loss of wage-earning capacity sustained in a work-related accident and concurrent payment of an award for a schedule loss and an award for a nonschedule permanent partial disability for injuries arising out of the same work-related accident would amount to duplicative compensation (see id.; Matter of Wilkosz v Symington Gould Corp., 14 AD2d at 410; Matter of Freeland v Endicott Forging & Mfg. Co., 233 AD 440, 441-442 [1931]). Nevertheless, all impairments sustained by a claimant, whether resulting from schedule or nonschedule injuries, must be considered in determining lost wage-earning capacity attributable to a nonschedule permanent partial disability classification (see Employer: NYC Dept of Education, 2017 WL 1716508, *1, 2017 NY Wrk Comp LEXIS 6477, *10 [WCB No. G103 8901, Apr. 13, 2017]). However, in the unique circumstance where no initial award is made based on a nonschedule permanent partial disability classification, a claimant is entitled to an SLU award (see Matter of Gallman v Walt's Tree Serv., 43 AD2d at 420-421).[FN2]
Here, it has not yet been determined whether claimant has sustained a loss of wage-earning capacity due to his permanent partial disability. Absent a determination of the extent, if any, of claimant's lost wage-earning capacity due to his nonschedule permanent partial disability classification, the Board did not err to the extent that it found that claimant is not presently entitled to an SLU award. However, we find that, contrary to the position taken by the Board, claimant may ultimately receive an SLU award notwithstanding his nonschedule classification for the injuries that he sustained in the underlying work-related accident. Claimant may not, however, receive both an SLU award and nonschedule award for the impairments that he sustained in the same work-related accident. Accordingly, inasmuch as claimant has reached maximum medical improvement, the Board properly continued the case for further development of the record and a determination of claimant's loss of wage-earning capacity. If it is ultimately determined that claimant is not entitled to a nonschedule award, he will at that time be entitled to an SLU award.
Egan Jr., J.P., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as found that claimant may not receive a schedule loss of use award if he receives a nonschedule permanent partial disability classification but no nonschedule award for those impairments arising out of the same work-related accident, and, as so modified, affirmed.



Footnotes

Footnote 1: The Board modified the decision of the Workers' Compensation Law Judge only to the extent that it corrected an error by specifying that claimant has a lumbar spine condition of F severity and not E severity.

Footnote 2: Where a claimant receives an SLU award and is subsequently classified and receives an award for nonschedule permanent partial disability pursuant to Workers' Compensation Law § 15 (3) (w) due to changed circumstances, the self-insured employer or workers' compensation carrier is entitled to a credit for the payment made on the prior SLU award (see Matter of Sunukjian v Price Chopper, 130 AD3d 1120, 1121 [2015]; Matter of Keselman v New York City Tr. Auth., 18 AD3d at 976; Matter of Gallman v Walt's Tree Serv., 43 AD2d at 421).