Matter of Saputo v Newsday, LLC (2020 NY Slip Op 01426)





Matter of Saputo v Newsday, LLC


2020 NY Slip Op 01426


Decided on February 27, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 27, 2020

528952

[*1]In the Matter of the Claim of John Saputo, Appellant,
v
Newsday, LLC, et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: January 16, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ.


Grey & Grey, LLP, Farmingdale (Robert E. Grey of counsel), for appellant.
Peter Cusick, State Insurance Fund, Melville (Alisa A. Ammerman of counsel), for Newsday, LLC and another, respondents.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.



Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed December 19, 2018, which ruled, among other things, that claimant was not simultaneously entitled to an award for a schedule loss of use and permanent partial disability classification.
Claimant, a pressman, injured himself during a work-related accident in August 2016, and his claim for workers' compensation benefits was thereafter established for injuries to his neck and shoulders.[FN1] Claimant sought medical attention from a physician, who diagnosed him with bilateral incomplete rotator cuff tears or ruptures, cervicalgia, spondylosis without cervical myelopathy and cervical disc degeneration, noting straightening of the cervical spine and proscribing claimant physical therapy for both his shoulders and neck. After repeated visits with this physician, claimant sought a permanency opinion for his shoulders from another physician. In August 2017, the second physician concluded that claimant had reached maximum medical improvement with respect to his bilateral shoulder injury and has a 75% schedule loss of use (hereinafter SLU) of the right arm (shoulder) and an 80% SLU of the left arm (shoulder). This second physician did not perform a physical examination of claimant's neck or provide any permanency opinion with respect thereto. In November 2017, Matthew Skolnick, an orthopedic expert, examined claimant upon request of the employer's workers' compensation carrier. Skolnick concluded that claimant has a permanent impairment of the cervical spine at a class 2, severity A rating. Having concluded that claimant has a residual impairment to a systemic area, Skolnick did not provide SLU percentages for claimant's arms. Thereafter, claimant continued to see the second treating physician with complaints of neck pain. In May of 2018, physical therapy was prescribed for claimant's cervical symptoms; in June 2018, the physician noted that this treatment had not been approved. Although continuing pain and cervical limitations were noted, it was also noted that claimant continued with full and unrestricted activities at his work.
After hearings in March and May 2018, a Workers' Compensation Law Judge concluded that there was no permanent neck impairment and thus awarded claimant, who had lost no time from work,[FN2] a 50% SLU of the right arm and a 55% SLU of the left arm. The employer and its workers' compensation carrier appealed, arguing that the evidence supported a finding that claimant did sustain a nonschedule permanent neck injury and asserting that claimant's treatment was tailored to support the grant of an SLU award. In rebuttal, claimant argued that our decision in Matter of Taher v Yiota Taxi, Inc. (162 AD3d 1288 [2018], lv dismissed 32 NY3d 1197 [2019]) authorized an SLU award for his arms regardless of whether he might also be later found to have a nonschedule permanent partial disability of the neck. The Workers' Compensation Board agreed with the employer and its carrier, rescinding the SLU award as unsuitable in light of the possible residual impairment to claimant's neck and continuing the matter for development of the record as to the severity of claimant's cervical spine impairment, exertional ability, vocational factors and loss of wage-earning capacity. Claimant appeals.
For reasons discussed more fully in Matter of Arias v City of New York, ___ AD3d ___ [decided herewith]), we agree with claimant that the Board's disregard of Matter of Taher and continued reliance on its decision in Employer: Metropolitan Hospital (2016 WL 4720221, 2016 NY Wrk Comp LEXIS 16360 [WCB No. G076 1641, Sept. 6, 2016]) was in error. We reiterate that, where a claimant who has sustained both schedule and nonschedule permanent injuries in the same work-related accident has returned to work at preinjury wages and, thus, receives no award based on his or her nonschedule permanent partial disability classification (see Workers' Compensation Law § 15 [3]), he or she is entitled to an SLU award (see Matter of Taher v Yiota Taxi, Inc., 162 AD3d at 1289-1290; Matter of Gallman v Walt's Tree Serv., 43 AD2d 419, 420-421 [1974]).
However, we reject claimant's challenge to the Board's determination regarding his residual neck impairment. Claimant's medical records reveal consistent complaints of neck pain, positive examination findings and recommendations for physical therapy to address his cervical spine, and MRI results show multiple disc herniations of claimant's cervical spine. In view of the foregoing, we find that substantial evidence supports the Board's conclusion that residual impairments of claimant's cervical spine, of a yet unknown severity, remain. Absent a finding of permanency as to claimant's established neck injury, among other prerequisites, the Board did not err to the extent that it found that claimant is not presently entitled to an SLU award (see Matter of Arias v New York City, supra; Matter of Taher v Yiota Taxi, Inc., 162 AD3d at 1290; New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity § 1.5 [4], at 10 [2012]).
Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as found that claimant may not receive a schedule loss of use award if he receives a nonschedule permanent partial disability classification but no nonschedule award for those impairments arising out of the same work-related accident; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: Claimant has several other established claims, including for occupational disease and injuries to other schedule sites not at issue here, spanning from May 2013 to June 2017, some of which have not reached permanency.

Footnote 2: Claimant was subsequently laid off from his employment, for reasons unrelated to his physical condition.