Matter of Fernandez v New York Univ. Benefits (2020 NY Slip Op 01427)





Matter of Fernandez v New York Univ. Benefits


2020 NY Slip Op 01427


Decided on February 27, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 27, 2020

528994

[*1]In the Matter of the Claim of Charles Fernandez Jr., Appellant,
v
New York University Benefits et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: January 16, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ.


Grey & Grey, LLP, Farmingdale (Robert E. Grey of counsel), for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for New York University Benefits and another, respondents.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.



Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed February 21, 2019, which ruled, among other things, that claimant was not simultaneously entitled to an award for a schedule loss of use and permanent partial disability classification.
Claimant, a security officer, sustained a work-related injury in August 2012, and his claim for workers' compensation benefits was ultimately established for injuries to his back, neck and shoulders. Claimant was evaluated by his physician and a medical examiner selected by the employer's workers' compensation carrier, who reached varying conclusions regarding the percentages for his schedule loss of use (hereinafter SLU) with respect to both of his arms (shoulders) and the severity rankings for his nonschedule injuries. A Workers' Compensation Law Judge found that claimant, who had not lost any time from work,[FN1] had a 20% SLU of the left arm and a 40% SLU of the right arm, entitling him to a lump-sum award. The employer and its workers' compensation carrier appealed, arguing that any SLU award was premature because both physicians also gave impairment ratings to the neck and back and no development of the record was conducted as to those nonschedule injuries. The Workers' Compensation Board agreed and rescinded the Workers' Compensation Law Judge's decision, continuing the case for further development of the medical record on the "issue of permanency" — presumably as to claimant's neck and back injuries — and, if appropriate, on the issue of loss of wage-earning capacity. Claimant appeals.[FN2]
Claimant initially contends that the Board, in this matter and others, has rejected this Court's decision in Matter of Taher v Yiota Taxi, Inc. (162 AD3d 1288 [2018], lv dismissed 32 NY3d 1197 [2019]). For reasons discussed more fully in Matter of Arias v City of New York, ___ AD3d ___ [decided herewith]), we agree with claimant that the Board's disregard of Matter of Taher and continued reliance on its decision in Employer: Metropolitan Hospital (2016 WL 4720221, 2016 NY Wrk Comp LEXIS 16360 [WCB No. G076 1641, Sept. 6, 2016]) was in error. We reiterate that, where a claimant who has sustained both schedule and nonschedule permanent injuries in the same work-related accident has returned to work at preinjury wages and, thus, receives no award based on his or her nonschedule permanent partial disability classification (see Workers' Compensation Law § 15 [3]), he or she is entitled to an SLU award (see Matter of Taher v Yiota Taxi, Inc., 162 AD3d at 1289-1290; Matter of Gallman v Walt's Tree Serv., 43 AD2d 419, 420-421 [1974]).
Here, however, absent a finding of permanency as to the established neck and back injuries (see Matter of Arias v City of New York, slip op 3 n 2; see New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity § 1.5 [4], at 10 [2012]), among other prerequisites, the Board did not err to the extent that it found that claimant is not presently entitled to an SLU award (see Matter of Taher v Yiota Taxi, Inc., 162 AD3d at 1290).
Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as found that claimant may not receive a schedule loss of use award if he receives a nonschedule permanent partial disability classification but no nonschedule award for those impairments arising out of the same work-related accident; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: Claimant has reported that his employment has since been terminated and he has begun collecting Social Security benefits based on his age; the Board asserts that there is some evidence that he may have returned to work for another employer.

Footnote 2: Contrary to the contentions of the employer, the carrier and the Board, the Board's decision reached a dispositive threshold legal question and, thus, is appealable (see Matter of Taher v Yiota Taxi, Inc., 162 AD3d 1288, 1288-1289 [2018], lv dismissed 32 NY3d 1197 [2019]).