Matter of Cruz v Suffolk County Police Dept. (2020 NY Slip Op 03713)





Matter of Cruz v Suffolk County Police Dept.


2020 NY Slip Op 03713


Decided on July 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 2, 2020

530305

[*1]In the Matter of the Claim of Michael Cruz, Appellant,
v
Suffolk County Police Department et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: June 8, 2020

Before: Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.


Miller & Caggiano, LLP, Bohemia (Vanessa Cruz of counsel), for appellant.
Cherry, Edson & Kelly, LLP, Melville (Ralph E. Magnetti of counsel), for Suffolk County Police Department and another, respondents.



Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed April 2, 2019, which ruled, among other things, that claimant was not simultaneously entitled to an award for a schedule loss of use and a permanent partial disability classification.
In 2014, claimant was injured in a motor vehicle accident while working as a police officer. He established a workers' compensation claim for injuries to his neck, left shoulder and right knee, as well as right and left wrist injuries due to bilateral carpal tunnel syndrome. The Workers' Compensation Board, by decision filed December 23, 2014, found that claimant had a permanent medical impairment of the cervical spine with a B severity ranking, which is not amenable to a schedule loss of use (hereinafter SLU) finding, and directed the matter be returned to the hearing calendar for a determination of loss of wage-earning capacity.
Medical reports and depositions were submitted and, following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant was permanently partially disabled with a 15% loss of wage-earning capacity, but he was not entitled to awards based upon a nonscheduled permanent partial disability classification as his current position as a police sergeant did not result in any reduced earnings. Based upon the medical evidence, the WCLJ found that claimant sustained a 15% SLU of his right hand, left hand and left arm and a 7.5% SLU of his right leg, entitling him to an SLU award. The Board modified the WCLJ's decision by rescinding the SLU award and finding that claimant's permanent medical impairment to the systemic area of his neck is subject to a nonscheduled classification encompassing all of claimant's injuries and, therefore, he is not entitled to an SLU award. Claimant appeals.
For the reasons set forth in Matter of Arias v City of New York (182 AD3d 170 [2020]), we find that the Board's disregard of Matter of Taher v Yiota Taxi, Inc. (162 AD3d 1288 [2018], lv dismissed 32 NY3d 1197 [2019]) was in error and, therefore, reverse. As this Court has recently held, "where a claimant who has sustained both schedule and nonschedule permanent injuries in the same work-related accident has returned to work at preinjury wages and, thus, receives no award based on his or her nonschedule permanent partial disability classification, he or she is entitled to an SLU award" (Matter of Fernandez v New York Univ. Benefits, 180 AD3d 1305, 1307 [2020] [internal citation omitted]; see Matter of Arias v City of New York, 182 AD3d at 171-172; Matter of Saputo v Newsday, LLC, 180 AD3d 1303, 1305 [2020]; Matter of Taher v Yiota Taxi, Inc., 162 AD3d at 1289-1290). As there was a finding of permanency as to claimant's neck injury and he has returned to work at preinjury wages, he is entitled to an SLU award for the remaining injuries.
Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with the Court's decision.