Matter of Cosides v Town of Oyster Bay Sanitation (2020 NY Slip Op 03710)





Matter of Cosides v Town of Oyster Bay Sanitation


2020 NY Slip Op 03710


Decided on July 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 2, 2020

529772

[*1]In the Matter of the Claim of John Cosides, Appellant,
v
Town of Oyster Bay Sanitation et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: June 11, 2020

Before: Egan Jr., J.P., Lynch, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Polsky Shouldice & Rosen, Rockville Centre (Patrick M. Conroy of counsel), for appellant.



Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed January 14, 2019, which ruled, among other things, that claimant was not simultaneously entitled to an award for a schedule loss of use and a permanent partial disability classification.
In 2015, claimant, a sanitation worker, filed a claim for workers' compensation benefits alleging that he had sustained work-related injuries when a refuse collection truck struck a tree branch, which broke off and landed on his head. A Workers' Compensation Law Judge (hereinafter WCLJ) subsequently established the claim for workers' compensation benefits for injuries to claimant's head, neck, back and right shoulder. After claimant reached maximum medical improvement, the WCLJ classified claimant, who was working without reduced wages (i.e., at preinjury wages) at the time of classification, with a permanent partial disability based upon permanent impairments to his cervical spine (neck) and right arm (shoulder) and found that claimant had sustained a 25% loss of wage-earning capacity. Upon administration review, the Workers' Compensation Board affirmed the decision of the WCLJ in a November 2017 Board panel decision. Claimant's subsequent request for reconsideration and/or full Board review was denied in January 2018.
Thereafter, based upon this Court's decision in Matter of Taher v Yiota Taxi, Inc. (162 AD3d 1288, 1289-1290 [2018], lv denied 32 NY3d 1197 [2019]), claimant requested a hearing to address whether he was entitled to a schedule loss of use (hereinafter SLU) award for his right arm (shoulder) because he did not receive a nonschedule award for his nonschedule permanent partial disability classification. The matter was subsequently reopened for a hearing, at the conclusion of which a WCLJ found that, because claimant had returned to work without reduced earnings, he was entitled to an SLU award based upon a 10% SLU of his right arm. On administrative appeal, the Board reversed, determining, among other things, that claimant was not entitled to an SLU award, which it found to be inappropriate, notwithstanding this Court's decision in Matter of Taher, given the existence of claimant's residual impairment in a systemic area (i.e., neck) and permanent partial disability classification. Claimant appeals.[FN1]
For the reasons set forth in Matter of Arias v City of New York (182 AD3d 170, 172 & n 2 [2020]; see Matter of Fernandez v New York Univ. Benefits, 180 AD3d 1305, 1306-1307 [2020]; Matter of Saputo v Newsday, LLC, 180 AD3d 1303, 1304-1305 [2020]), we agree with claimant that the Board's disregard of Matter of Taher was in error. "An SLU award may be inappropriate in the case of a temporary residual impairment to a systemic area, as the Workers' Compensation Law requires that a claimant's partial disability be 'permanent in quality' before an award under Workers' Compensation Law § 15 (3) is suitable" (Matter of Arias v City of New York, 182 AD3d at 172 & n 2, quoting Workers' Compensation Law § 15 [3]; see New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity § 1.5 [4], at 10 [2012]). Here, however, the Board had determined that claimant's injuries — including his neck injury — were permanent, and, therefore, section 1.5 (4) of the Board's Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity does not apply. Inasmuch as claimant sustained both schedule and nonschedule permanent injuries in the same work-related accident and was working without reduced earnings at the time of classification and, thus, received no award at that time for his nonschedule permanent partial disability classification (see Workers' Compensation Law § 15 [3] [w]), he is entitled to an SLU award for the permanent partial impairment to his right arm, the statutorily-enumerated body member (see Workers' Compensation Law § 15 [3] [a]; Matter of Taher v Yiota Taxi, Inc., 162 AD3d at 1289-1290; Matter of Gallman v Walt's Tree Serv., 43 AD2d 419, 420-421 [1974]).
Egan Jr., J.P., Lynch, Devine and Pritzker, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as found that claimant may not receive a schedule loss of use award if he receives a nonschedule permanent partial disability classification but no nonschedule award for those impairments arising out of the same work-related accident; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with the Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: We note that neither the Attorney General nor the employer and its workers' compensation carrier elected to file responsive briefs in support of the position taken by the Board in this appeal.