Matter of Garrison-Bey v Department of Educ. (2020 NY Slip Op 05273)





Matter of Garrison-Bey v Department of Educ. 


2020 NY Slip Op 05273


Decided on October 1, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 1, 2020

530612

[*1]In the Matter of the Claim of William Garrison-Bey, Appellant,
v
Department of Education, Respondent. Workers' Compensation Board, Respondent.

Calendar Date: September 11, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Martin, Harding & Mazzotti, LLP, Albany (Crystle A. Watts of counsel), for appellant.



Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed May 13, 2019, which ruled, among other things, that claimant was not simultaneously entitled to an award for a schedule loss of use and a permanent partial disability classification.
Claimant, a security officer, sustained work-related injuries to his neck, back, left knee and left elbow in April 2016 and his subsequent claim for workers' compensation benefits was established for those injuries. In December 2016, claimant returned to work without reduced earnings. In 2018, he was evaluated for permanency by two consulting physicians who submitted reports finding that he had sustained a schedule loss of use (hereinafter SLU) to his left knee of 27.5%. Both physicians further agreed that claimant had also sustained non-schedule permanent injuries amenable to classification to both his cervical and lumbar spine with a class 3, severity B rating. Claimant's consultant also found that he had sustained a 6% SLU of his left elbow, whereas the consultant for the employer and its workers' compensation carrier found 0% SLU of the left elbow.
At the permanency hearing, the parties waived medical testimony and, based upon his return to work at preinjury wages prior to classification, claimant requested an SLU award under our decision in Matter of Taher v Yiota Taxi, Inc. (162 AD3d 1288, 1289-1290 [2018], lv denied 32 NY3d 1197 [2019]). A Workers' Compensation Law Judge denied the request for an SLU award, classified claimant with a nonschedule permanent partial disability and set a hearing date to address loss of wage-earning capacity. Claimant appealed, arguing that his return to work without reduced earnings entitled him to an SLU award under Matter of Taher. The Workers' Compensation Board affirmed, maintaining that because claimant had permanent residual impairments to his cervical and lumbar spine, he was not entitled to an SLU award.[FN1] Claimant appeals.
For the reasons more fully discussed in Matter of Arias v City of New York (182 AD3d 170, 172 [2020]), we agree with claimant's contention that the Board erred in disregarding or attempting to distinguish Matter of Taher (see Matter of Fernandez v New York Univ. Benefits, 180 AD3d 1305, 1306-1307 [2020]; Matter of Saputo v Newsday, LLC, 180 AD3d 1303, 1304-1305 [2020]). Under Matter of Taher, a claimant who sustains both schedule and nonschedule permanent injuries in the same work-related accident and returns to work at preinjury wages — and, thus, has not received a reduced-earnings award based upon a nonschedule permanent partial disability classification (see Workers' Compensation Law § 15 [3]) — is entitled to an SLU award for permanent partial impairments to the statutorily enumerated body parts, here, claimant's knee and possibly his left elbow (see Workers' Compensation Law § 15 [3] [a]; Matter of Arias v City of New York, 182 AD3d at 174).
Lynch, J.P., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as found that claimant may not receive a schedule loss of use award if he receives a nonschedule permanent partial disability classification but no nonschedule award for those impairments arising out of the same work-related accident; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with the Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: The Board did not resolve claimant's degree of impairment for purposes of an SLU award, and no hearing was held on loss of wage-earning capacity.